RPH
11/26/12



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Ayn B. Ducao<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4819<br>MAIN: 410-209-4800<br>FAX: 410-962-3091<br>TTY/TDD: 410-962-4462<br>Ayn.Ducao@usdoj.gov |

November 26, 2012



Malik Kenyatta Edwards, Esquire
Assistant Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

                                     Re: United States v. Glenn Anthony Thompson
                                             <u>Criminal NO. JFM-10-0441</u>

Dear Mr. Edwards:

       This letter, together with the Sealed Supplement confirms the plea agreement which has been offered to your client, Glenn Anthony Thompson (Defendant) by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by <u>November 28, 2012</u>, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

       1.      The Defendant agrees to plead guilty to a two-count Information that will charge him with (a) Possession with Intent to Distribute 28 grams or more of Crack Cocaine, a Schedule II controlled substance, and Heroin, a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1), Count One of the Information, and (b) Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c), Count Two of the Information. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### COUNT ONE

That on or about November 11, 2009, in the District of Maryland, the Defendant, did knowingly intentionally, and unlawfully possess with intent to distribute twenty eight (28) grams or more of a mixture or substance containing a detectable amount of cocaine base, to wit, crack cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

### COUNT TWO

That on or about November 11, 2009, in the District of Maryland,

a. The Defendant knowingly possessed the firearms charged in Count Two of the Information; and

b. The possession was in furtherance of a drug trafficking crime, namely possession with intent to distribute heroin and cocaine as alleged in Count One of the Information.

### Penalties

3. The maximum sentence provided by statute for Count One to which your client is pleading guilty is as follows: imprisonment for forty (40) years with a minimum mandatory sentence of five (5) years, and a $5,000,000 fine, followed by a term of supervised released of four (4) years. In addition, your client must pay $100 as a special assessment under 18 U.S.C. §3013, which will be due and should be paid at or before time of sentencing. Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2500.00 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3). If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

The maximum sentence provided by statute for the offense in Count Two to which the Defendant is pleading guilty is as follows: life imprisonment (with a five (5) year mandatory minimum term of imprisonment which is consecutive to any other term of imprisonment), a $250,000 fine, a period of supervised release of not more than five (5) years. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to

make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, he supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b.  If the Defendant elected a jury trial, the jury would be comprised of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   e.  If the Defendant were found guilty after a trial, he would have the right

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

3

to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

  5. <u>"C" Plea: Advisory Sentencing Guidelines Apply</u>

      The parties stipulate and agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the sentence outlined in paragraph 8 is an appropriate disposition of the case. The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998.

<u>Factual and Advisory Guidelines Stipulation</u>

  6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

    **A.** **POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE AND HEROIN - Count One**

    This Office and the Defendant stipulate and agree that the applicable base offense level for Possession with Intent to Distribute Crack Cocaine, a Schedule II controlled substance, and Heroin, a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1), Count One of the Information is a level 30, pursuant to USSG §§ 2D1.1(c)(7), and 1B1.3 to account for a combined amount of crack cocaine and heroin that is equivalent to at least 100 kilograms but less than 400 kilograms of marijuana.

4

**B.    POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG TRAFFICKING - Count Two**

Pursuant to U.S.S.G. § 2K2.4(b), the guideline term is the minimum term of imprisonment provided by statute. 18 U.S.C. § 924(c)(1)(A) provides that the minimum term of imprisonment is five (5) years consecutive to any other term of imprisonment.

**C.    ACCEPTANCE**

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office *will not* make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

[Handwritten addition: 7a. The parties jointly recommend that the defendant be sentenced to a total term of imprisonment of 120 months [60 months for count I, followed by 60 months for count II] with an adjustment for time served in official detention from November 11, 2009, pursuant to U.S.S.G. §5G1.3(c) to account for time served in Md. case # 207247039.]

<u>Rule 11(c)(1)(C) Plea</u>

8.    The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a total sentence of imprisonment of **120** months is the appropriate disposition of this case (with **60 months** to be imposed for Possession with Intent to Distribute Crack Cocaine and Heroin, in violation of 21 U.S.C. § 841(a)(1), and **60 months consecutive** to be imposed for Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)). The parties also agree that at the conclusion of any term of imprisonment, that the Defendant shall be placed on supervised release for a period of at least four (4) years. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less

[Initials: ME, G.T.]

5

favorable than that contemplated by this agreement. Furthermore, in the event that the Court rejects this agreement, and the Defendant withdraws his plea, the Government is free to file a notice pursuant to 21 U.S.C. §851, which will enhance his sentence upon conviction.

### Waiver of § 851 Enhancement Notice

9. In exchange for the Defendant's plea of guilty to Counts One and Two of the Information pursuant to this plea agreement, this Office agrees not to file a notice of the Defendant's prior felony drug convictions pursuant to 21 U.S.C. § 851. Accordingly, this Office will not rely on the Defendant's prior felony drug convictions to enhance the mandatory minimum sentence to which the Defendant is subject. Nothing in this paragraph, however, shall be construed to prevent the Court from relying on the Defendant's prior convictions to calculate the Defendant's criminal history under the sentencing guidelines or in determining whether he is a career offender or an armed career criminal.

### Forfeiture

10. The Defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the Court will order the forfeiture of the firearm listed in Count Two of the Information. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

11. The Defendant agrees to assist fully in the forfeiture of the foregoing asset. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

12. The Defendant further agrees to waive all constitutional, legal and equitable

challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

## Waiver of Appeal

13. (a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

(b) The parties agree that, subject to the exceptions set forth herein at paragraph 9(a) and 9(b), your client and the United States knowingly and expressly waive all rights conferred by 18 U.S.C. §3742 to appeal whatever sentence is imposed so long as the sentence imposed is **120** months total imprisonment, including any issues that relate to the establishment of the guideline range. Nothing in this agreement shall be construed to prevent either your client or the United States from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory minimum mandatory provision.

(c) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and together with the Stipulation of Facts and the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to us promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Ayn B. Ducao
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_11-28-12_                                         _Glenn Thompson_
Date                                               Glenn Anthony Thompson

I am Mr. Thompson's attorney. I have carefully reviewed every part of this agreement and sealed supplement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_11/28/2012_                                       _Malik Edwards_
Date                                               Malik Kenyatta Edwards, Esquire

8

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On October 29, 2009, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force Officer ("TFO) Gary Smith, who is also a detective with the Baltimore City Police Department, sought and obtained a search warrant to search to search the home of the Defendant Glenn Anthony Thompson ("Defendant"), located at 2005 Westwood Avenue, Baltimore, Maryland 21217. On November 11, 2009, law enforcement searched the Defendant's residence at 2005 Westwood Avenue and recovered several items including one Colt model King cobra .357 caliber revolver, serial number KE5551 which was loaded with five rounds; .357 ammunition; a black sem-automatic pellet gun; a safe that contained cocaine base and heroin; ten baggies of heroin from a sock in the bedroom, .38 special ammunition. The total net weight of the cocaine base recovered from the Defendant's home was 38.48 grams and the total net weight of the heroin recovered from the Defendant's home was 50.80 grams.

Later in the day on November 9, 2009, law enforcement advised the Defendant of his *Miranda* rights and the Defendant signed a written waiver of rights form. After being advised, the Defendant agreed to speak to law enforcement. The Defendant stated that he lived at 2005 Westwood Avenue and that police recovered drugs, money, a .357 gun and a pellet gun from his house.

9

SO STIPULATED:

_____
Ayn B. Ducao
Assistant United States Attorney

_____
Glenn Anthony Thompson

_____
Malik Kenyatta Edwards, Esquire
Counsel for Defendant